The next case on our calendar is Robert Grunstein v. Vermont Board of Bar Examiners. Counsel for the Vermont Board, Mr. Grunstein has not appeared. We're going to take his papers on submission, but you are free to argue, of course. Thank you. Good morning, I think. You waited all day, yes? The district court correctly dismissed on the basis of younger abstention. What Mr. Grunstein was asking the court to do was- Not even a point anymore. I gather the Vermont Supreme Court has now concluded its review. Yes, I believe the court could also affirm on the basis that Mr. Grunstein's claims are now moot. I thought you were relying on res judicata. Did I misunderstand? Yes, res judicata as well as mootness. The initial challenge was to a character and fitness committee recommendation that Mr. Grunstein not be admitted. That claim is now moot because the character and fitness committee recommendation is no longer applicable. The Vermont Supreme Court has ruled. The only challenge that was before the district court was to the committee recommendation, which is now moot. They were seeking declaratory and injunctive relief. I'm not sure that's moot, is it? That's why I thought that your primary argument now that the Vermont Supreme Court has ruled was res judicata. I agree that res judicata would apply. That is an argument that we rely on. The district court now, if Mr. Grunstein sought to challenge the Vermont Supreme Court ruling, would be required by the full faith and credit clause to apply res judicata principles as a Vermont state court would. So to the extent that the case is not moot and that he sought a declaration that the admissions process is unconstitutional, if we were to determine that that's enough to keep this case alive, the whole matter would probably be decided under res judicata. Yes, or Rooker-Feldman alternatively, because it would effectively be asking the district court to conduct an appeal of the Vermont Supreme Court decision. I also wanted to briefly address two statements in the reply brief that are inaccurate. The first is that Vermont amended its rules in 2013 to remove a hearing option and did not replace it with anything equivalent. That is based on what purports to be a quote from an old version of Rule 8 of the Vermont Rules for Admission to the Bar. That quoted language does not appear in the 2012 version of Rule 8, where Mr. Grunstein indicates that it appears. That's not because hearings weren't available. They've been available at all relevant times in Vermont. They were just addressed in Rule 11, parts G through H, from 2012 to 2016. The rules were since reorganized and they're now addressed in Rule 17. But the point I wanted to clarify is that hearings have been and were not removed in 2012. The second point I wanted to briefly address is Mr. Grunstein suggests that the Brooks-Albertson case, the district court case we cite, held that constitutional challenges to state bar rules are not subject to younger abstention. That's also not accurate. Brooks-Albertson applied younger to abstain from considering challenges relating to ongoing state character and fitness proceedings. The issue in Brooks-Albertson was that the applicant had applied for leave to sit for the bar. He was denied permission to sit on the basis of character and fitness concerns. And he then brought a federal case in which he brought three categories of claims. The first related to the character and fitness proceedings and they were subject to younger abstention and dismissed on that basis. The other two related to an internship program and to testing requirements that were not at issue in the ongoing state proceedings because he was not allowed to sit for the test at all. So younger applied in Brooks-Albertson along the exact same grounds that the district court correctly applied it below. And we would ask that the court affirm the judgment of the district court. Thank you. Thank you. Well, we'll reserve decision. That concludes our calendar so we'll ask the clerk to adjourn court. Court is adjourned. Victor, you know I'm here back at 2 o'clock, don't you?